**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------X

AQUA SHIELD, INC.,          :    **Case No. _____ -CV-2005**

            Plaintiff,

                        **COMPLAINT**

-against-          :    **JURY TRIAL REQUESTED**

INTER POOL COVER TEAM,    :

          Defendant. :

------------------------------------X

Plaintiff Aqua Shield, Inc. ("Aqua Shield"), by its attorneys, Krol & O'Connor, states, upon information and belief, as follows:

### JURISDICTION

1. This court has jurisdiction under 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

2. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(d).

### THE PARTIES

3. Plaintiff Aqua Shield is a New York corporation with a principal place of business located at 111 Alder Street, West Babylon, NY 11704. Aqua Shield manufactures and sells telescopic pool enclosures.

4. Bob Brooks, Aqua Shield's CEO, is the holder of U.S. Patent Number 6,637,160 ("'160 Patent"), claiming "an apparatus for providing an enclosure for attachment to a

building or for covering an area." Aqua Shield, the real party in interest, has an implied and exclusive license to use the '160 Patent in its telescopic swimming pool enclosures.

5. Defendant Inter Pool Cover Team ("IPC") is a European business entity with its headquarters located at Alukov HZ, Orel 18, 518 21 Slatinany, Czech Republic. IPC manufactures and sells swimming pool enclosures.

### BACKGROUND FACTS

6. On October 28, 2003, the U.S. Patent and Trademark Office awarded the '160 Patent to Mr. Brooks.

7. Thereafter, IPC has imported, offered for sale, and sold telescopic pool enclosures embodying the subject matter covered by the '160 Patent, in the U.S., in violation of Mr. Brooks' rights to exclude under 35 U.S.C. §271, et seq., without the consent or permission of either Mr. Brooks or Aqua Shield.

8. On August 2, 2005, Mr. Brooks sent IPC a letter, by registered mail, return receipt requested, to the effect that IPC was infringing the '160 Patent, and demanded that IPC cease and desist from further infringement upon the '160 patent (the "Demand Letter"). A copy of the Demand Letter is attached hereto as Exhibit A.

9. IPC received the Demand Letter on August 16, 2005. A copy of the signed return receipt of the registered mail is also attached hereto as Exhibit A.

10. IPC has not responded to the Demand Letter and has continued to infringe on the '160 Patent within the U.S. in violation of U.S. patent law by, among other things, arranging to exhibit its telescopic pool enclosures – infringing upon the '160 Patent – at the Pool & Spa Expo at the Orange County Convention Center in Orlando, Florida in two (2) booths – numbers 141 and 239 – from October 31, 2005, through November 3, 2005 (the "Pool & Spa Expo").

## FIRST CLAIM FOR RELIEF
### Patent Infringement

11. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-10 hereof.

12. The canopies or enclosures displayed by IPC on its website – http://www.poolcover-ipc.com – and expected to be displayed during the Pool & Spa Expo fall within the subject matter covered by the '160 patent.

13. IPC's willful, intentional and deliberate infringement, and active inducement of infringement, of the '160 patent has deprived Aqua Shield of its lawful sales and profits, caused Aqua Shield to suffer damages that are difficult, if not impossible, to ascertain, and made IPC liable to Aqua Shield, *ad minimum*, for IPC's profits on IPC's sales in the U.S. of the goods infringing upon the '160 patent.

14. IPC's willful, intentional and deliberate infringement, and active inducement of infringement, of the '160 patent entitles Aqua Shield to attorney fees and treble damages.

3

## SECOND CLAIM FOR RELIEF
### Patent Infringement by Equivalent Apparatus

15. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-10 and 12-14 hereof.

16. IPC's telescopic pool enclosures perform the same function in the same way and accomplish substantially the same result as the subject matter claimed in the '160 patent.

17. To the extent that IPC's telescopic pool enclosures are different from the subject matter claimed in the '160 patent, the difference is minor, insignificant and obvious to persons reasonably skilled in the pertinent art.

18. IPC's telescopic pool enclosures are substantially equivalent to the subject matter claimed in the '160 patent and, hence, the importation, offering for sale, and sale of IPC's telescopic pool enclosures in the U.S. infringes on the '160 Patent and violates U.S. patent laws.

19. IPC's willful, intentional and deliberate infringement, and active inducement of infringement, of the '160 patent has deprived Aqua Shield of its lawful sales and profits, caused Aqua Shield to suffer damages that are difficult, if not impossible, to ascertain, and made IPC liable to Aqua Shield, *ad minimum*, for IPC's profits on IPC's sales in the U.S. of the goods infringing upon the '160 patent.

20. IPC's willful, intentional and deliberate infringement, and active inducement of infringement, of the '160 patent entitles Aqua Shield to attorney fees and treble damages.

4

### THIRD CLAIM FOR RELIEF
### Unfair Competition

21.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1-10, 12-14 and 16-20 hereof.

22.   The public and the trade are likely to confuse Aqua Shield's products with IPC's products and to ascribe the attributes and characteristics of Aqua Shield's products to IPC's products.

23.   IPC's importation, offers to sell, and sales in the U.S. of IPC's telescopic pool enclosures embodying, or substantially equivalent to, the subject matter covered by the '160 Patent, mislead and confuse the public and the trade alike, injure the public image and reputation of Aqua Shield and constitute unfair competition with Aqua Shield under common law.

24.   IPC has known that its importation, offers to sell, and sales in the U.S. of IPC's telescopic pool enclosures is misleading, and has undertaken such activities with the intent to confuse, mislead, and deceive the public and the trade, and to compete unfairly with Aqua Shield.

25. By reason of the foregoing, IPC caused Aqua Shield to suffer damages in an amount to be determined at trial.

### FOURTH CLAIM OF RELIEF
### Equitable relief

26.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1-10, 12-14, 16-20 and 22-25 hereof.

27.   Unless enjoined by this Court, IPC will continue

5

to infringe upon, and to induce the infringement of, the '160 Patent within the U.S.

28.   IPC's   willful,   intentional   and   deliberate infringement, and active inducement of infringement, of the '160 patent has deprived Aqua Shield of its lawful sales and profits, caused Aqua Shield to suffer damages that are difficult, if not impossible, to ascertain.

29.   IPC's scheduled exhibition of IPC's telescopic pool enclosures at the Pool & Spa Expo, supra, will directly and proximately cause Aqua Shield to lose its market share in the U.S., impair permanently Aqua Shield's ability to command the premium price for its products, and harm Aqua Shield immediately and irreparably in its business and reputation.

30. Aqua Shield does not have adequate remedy at law.

WHEREFORE, plaintiff requests entry of a judgment:

(i) enjoining permanently IPC, and anyone acting on behalf   of,   or   in   concert   with,   IPC,   from   manufacturing, producing, using, distributing, importing, purchasing, selling, offering for sale, advertising, displaying, or exhibiting in the U.S.   of   IPC's   telescopic   pool   enclosures   or   other   products embodying the subject matter of the '160 Patent, and barring IPC from unfair competition with Aqua Shield, (ii) awarding Aqua Shield compensatory damages in an amount to be proven at trial, together   with   appropriate   treble   damages,   and   Aqua   Shield's

6

costs, fees, and disbursements of this action, and (iii) granting Aqua Shield such other and further relief as the Court may deem just and proper under the circumstances.

Dated:     New York, New York
           October 13, 2005


                              KROL & O'CONNOR
                              Attorneys for Plaintiff
                              320 West 81st Street
                              New York, N.Y. 10024
                              (212) 595-8009

                              By: _____
                                  Igor Krol (1068)

7

**EXHIBIT A**

# KROL & O'CONNOR

320 WEST 81ST STREET
NEW YORK , NY 10024

PH.  (212)  595-8009
FAX (212)  595-8149
KROLlaw@aol.com

August 2, 2005

Dear Sir or Madam:

We represent Bob Brooks, the Chief Executive Officer and co-owner of Aqua Shield, Inc. This letter concerns the infringement of United States Patent Number 6,637,160, owned by Mr. Brooks, an apparatus for providing an enclosure for attachment to a building or for covering an area, and employed in Aqua Shield, Inc.'s telescopic swimming pool enclosures. Said patent was duly filed with the United States Patent and Trademark Office on July 10, 2001 and awarded to Mr. Brooks on October 28, 2003. Thus, Mr. Brooks has been granted, by the United States Government, the exclusive right to make, use, offer to sell, or sell his patented invention, within the United States, or to import said invention into the United States, as per 35 U.S.C. § 271(a). Any unauthorized manufacture, use, offer to sell, sale or importation of the invention covered by U.S. Patent 6,637,160 constitutes an infringement, resulting in severe civil penalties including an injunction, damages, and attorney's fees.

It has recently been brought to our attention that your company, Inter Pool Cover Team, is planning to manufacture and sell infringing pool enclosures within the United States, in violation of 35 U.S.C. § 271, and in abrogation of the rights awarded to Mr. Brooks by the grant of his patent. Without prejudicing or waiving Mr. Brook's right to seek further remedies or relief, this letter constitutes a formal demand upon you to cease and desist – immediately – and thereafter refrain from any further infringement of U.S. Patent 6,637,160.

In order to comply with this demand, you must immediately (i) remove and ensure the removal of any and all advertisements or other offers, in any media, to sell your infringing products, (ii) rescind and terminate any sales or outstanding offers to sell your infringing products, (iii) destroy or, in the alternative, dismantle and remove from the United States, all infringing products you may have already manufactured and imported into the United States, and (iv) abstain from any further manufacturing of your infringing products in the United States or any importation of your infringing products into the United States.

Under the provisions of 35 U.S.C. 271(a), et seq., the owner of a United States Patent may seek various remedies in the U.S. District Court for patent infringement, e.g., injunctive relief, retroactive and constructive royalties, disgorgement of profits, recovery of any damages, costs of the action and reasonable attorneys' fees, and even an award of treble damages for willful infringement. Unless we obtain immediate satisfaction in this matter, our client will resort to legal remedies in order to vindicate his rights to the full extent provided by law.

      We expect to receive a communication from you or your counsel within ten (10) business days from the receipt of this letter, containing satisfactory assurances to the effect that the your company will comply with our demands and cease and desist from any further infringement of U.S. Patent 6,637,160.

                          Very truly yours,

                          Krol & O'Connor
                          320 West 81st Street
                          New York, New York 10024
                          (212) 595-8009

                          By:     _____
                                  Igor Krol

| Item Description | Registered ☒ Article (Envoi recommandé) | ☐ Letter (Lettre) | Printed ☐ Matter (Imprimé) | ☐ Other (Autre) | Recorded Delivery ☐ (Envoi à livraison attestée) | Express ☐ Mail International |
|---|---|---|---|---|---|---|
| (Nature de l'envoi ) | | | | | | |

Insured Parcel
☐ (Colis avec valeur déclarée)

Insured Value (Valeur déclarée) | Article Number

Office of Mailing (Bureau de dépôt)

Date of Posting (Date de dépôt)

Addressee Name or Firm (Nom ou raison sociale du destinataire)

Inter Pool Cover Team

Street and No. (Rue et No.)

Alukov H2, Orel 18

Place and Country (Localité et pays)

518 21 Slatinany, Czech Republic

This receipt must be signed by: (1) the addressee; or, (2) a person authorized to sign under the regulations of the country of destination; or, (3) if those regulations so provide, by the employee of the office of destination. This signed form will be returned to the sender by the first mail.

(Cet avis doit être signé par le destinataire ou par une personne y autorisée en vertu des règlements du pays de destination, ou, si ces règlements le comportent, par l'agent du bureau de destination, et renvoyé par le premier courrier directement à l'expéditeur).

☐ The article mentioned above was duly delivered.
(L'envoi mentionné ci-dessus a été dûment livré.)

Date  16.8.2005

Signature of Addressee/Signature I.O.
du destinataire) Orel 18, 538 21 Slatiňany

Office of Destination Employee Signature
(Signature de l'agent du bureau du destination)

Postmark of the office of destination (Timbre du bureau de destination)

PS Form 2865, February 1997 (Reverse)

Completed by the office of origin. (A remplir par le bureau d'origine.)

Completed at destination. (A compléter à destination.)

 **UNITED STATES POSTAL SERVICE**®

**Return Receipt for International Mail**
*(Registered, Insured, Recorded Delivery, Express Mail)*

Administration
des Postes des
Etats-Unis
d'Amérique

*Par Avion*



Postmark of
the office
returning the
receipt
Timbre du
bureau
renvoyant
l'avis

Return by the
quickest route
(air or surface
mail), a découvert
and postage free,

The sender completes and indicates the address for the return of this receipt.
*(A remplir par l'expéditeur, qui indiquera son adresse pour le renvoi du présent avis.)*
Name or Firm *(Nom ou raison sociale)*
............ Krol & O'Connor .........................................................

A renvoyer par
la voie la plus
rapide (aérienne
ou de surface),
à découvert et
en franchise de
port.

_____ 320 W. 81st St. _____
Street and Number *(Rue et no.)*

_____ New York NY 10024 _____
City, State, and ZIP + 4 *(Localitié et code postal)*

_____ USA _____

UNITED STATES OF AMERICA          Etats-Unis d'Amérique

PS Form **2865,** February 1997       *Avis de réception*          **CN07** *(Old C5)*