UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
AQUA SHIELD, INC.

                        Plaintiff,

          - against -

INTER POOL COVER TEAM

                       Defendant.
-----------------------------------------------------------X

NOT FOR PUBLICATION
MEMORANDUM & ORDER
05 CV 4880 (CBA)

AMON, United States District Judge:

I.    Introduction

       The parties to this patent infringement action dispute the propriety of jurisdiction in this Court under the nationwide federal long-arm statute, Federal Rule of Civil Procedure 4(k)(2). Plaintiff Aqua Shield, Inc. alleges that Inter Pool Cover Team ("IPC"), a European business entity, has sold and advertised in the United States a product infringing on U.S. Patent No. 6,637,160, of which plaintiff is the assignee.

       In this Court's earlier Order of December 7, 2007 (the "Order"), the Court determined that nationwide federal jurisdiction makes jurisdiction proper in this Court if plaintiff can certify that jurisdiction is not proper in the court of general jurisdiction of any state, and if defendant cannot propose an alternate state in which this case could have been brought, pursuant to the burden-shifting framework established in United States v. Swiss Am. Bank Ltd., 191 F.3d 30, 41-42 (1st Cir. 1999).

> The plaintiff . . . must certify that, based on the information that is readily available to the plaintiff and his counsel, the defendant is not subject to suit in the courts of general jurisdiction of any state. If the plaintiff makes out his prima facie case, the burden shifts to the defendant to produce evidence which, if

> credited, would show either that one or more specific states exist in which it would be subject to suit or that its contacts with the United States are constitutionally insufficient. Should the defendant default on its burden of production, the trier may infer that personal jurisdiction over the defendant is not available in any state court of general jurisdiction. If, however, the defendant satisfies its second-stage burden of production, then the aforementioned inference drops from the case. . . . If the defendant produces evidence indicating that it is subject to jurisdiction in a particular state, the plaintiff . . . may contest the defendant's proffer. . . . [T]he plaintiff, to fulfill the negation requirement, must prove that the defendant is not subject to suit in the identified forum(s).

Id. (internal citations omitted).

In response to the Order, plaintiff filed a certification on January 4, 2008, stating that defendant would not be subject to jurisdiction in the courts of any state. Defendant responded on January 31, 2008, that "[j]urisdiction over IPC can clearly be found in Utah." (Def.'s Reply 1.) Plaintiff then filed an additional response in the form of a declaration on February 4, 2008, arguing that the Utah long-arm statute would not be available to it, as it "not only does not do business in Utah; Aqua Shield has no contact with Utah whatsoever!" (Krol Supplemental Decl. 4.)

## II. Discussion

In a patent case, courts apply Federal Circuit law to determine whether jurisdiction exists. "In interpreting a long-arm statute, the Federal Circuit Court of Appeals, which is the controlling court in a patent case, defers to the forum state's highest court." Envirotech Pumpsystems, Inc. v. Sterling Fluid Sys. (Schweiz) AG, No. 2:99CV814K, 2000 WL 35459756, at *3 (D. Utah Nov. 16, 2000) (finding no jurisdiction over foreign defendant in patent infringement action where resident plaintiff corporation alleged jurisdiction on theories of the situs of economic injury and stream of commerce) (internal citation omitted). In this case, the relevant statute is

Utah's "long-arm" statute, the Nonresident Jurisdiction Act, Utah Code Ann. § 78B-3-201 et seq. The preamble provision to the Utah long-arm statute provides that "the provisions of this part, to ensure maximum protection to citizens of this state, should be applied so as to assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution." Utah. Code Ann. § 78B-3-201 (formerly § 78-27-22). Courts have interpreted this provision to indicate that the long-arm statute extends to the bounds of due process. See Envirotech Pumpsystems, Inc., WL 35459756 at *3; Mountain States Sports, Inc., v. Sharman, 353 F. Supp. 613, 615 (D. Utah 1972) (quoting Utah Code Ann. § 78-27-22 (Supp. 1971)).

The Tenth Circuit has determined that the preamble, as "prefatory language," is "neither essential nor controlling in the construction of the [Utah Nonresident Jurisdiction] Act where the operative sections are clear and unambiguous." Hughes Tool Co. v. Meier, 486 F.2d 593, 596 (10th Cir. 1973). Statements in a preamble "regarding scope or purpose of the act . . . may aid the construction of doubtful clauses, but they cannot control the substantive provisions of the statute." 1A Sutherland Statutory Construction § 20:3. Utah courts view preambles as purpose-establishing sections that "may be used to clarify ambiguities, but they do not create rights that are not found within the statute, nor do they limit those actually given by the legislation." Price Dev. Co. v. Orem City, 995 P.2d 1237, 1246 (Utah 2000).

The operative section of the Nonresident Jurisdiction Act, § 78B-3-205, provides that any person, whether or not a citizen or resident, who engages in "the transaction of any business within this state" or participates in "the causing of any injury within this state whether tortious or by breach of warranty" is subject to jurisdiction in Utah as to "any claim arising out of or related

3

to" either of those acts. Utah Code Ann. § 78B-3-205. This section, granting jurisdiction over "any claim" arising out of an enumerated act, does not impose any restrictions on who may bring the claims for which it grants jurisdiction; under the operative language, there is no indication that jurisdiction is established only over "any claim" brought by a citizen.

To the extent courts have interpreted the preamble to carry some weight, the definition of "citizen" proposed can be met in this case. In Mountain States Sports, the court noted that

> the definition of "citizen" in the present context is satisfied when the party demonstrates sufficient contact with the forum state, in relation to the events in dispute, to ensure the proper "respect for sister states' due spheres." If the disputed events or the defendant is closely tied to the forum state, the plaintiff may need little or no contact with the forum in order to sue there. Of course, in such a circumstance, a plaintiff probably need not invoke the long-arm statute.

353 F. Supp. at 616; see also Am. Land Program, Inc. v. Bonaventura Uitgevers Maatschappij, 710 F.2d 1449 (10th Cir. 1983) (long-arm statute available to nonresident plaintiff doing business in Utah); Hughes Tool, 486 F.2d at 596 (finding long-arm statute available to nonresident plaintiff qualified to do business in Utah). Here, there is no concern with regard to respect for sister states' due spheres. Utah is the only state in which an allegedly infringing product was sold, and each state "has an interest in discouraging injuries that occur within the state," including injuries arising from patent infringement. Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1568 (Fed. Cir. 1994).

The defendant in this case was required to "produce evidence which, if credited, would show . . . that one or more specific states exist in which it would be subject to suit . . . ." Swiss Am. Bank, 191 F.3d at 41. The defendant has produced evidence supporting jurisdiction in Utah and indicated its consent to jurisdiction in Utah. (Def.'s Reply to Krol Certification 1-3.)

4

Defendant has further indicated that it would be subject to jurisdiction in Utah not only on the grounds that it committed the enumerated act of causing injury but also on the grounds that it transacted business in that state. (Id. at n.1.) Plaintiff, in its additional "declaration," did not meet its burden of proving that jurisdiction over defendant would not exist in Utah.

## III. Conclusion

By virtue of the Rule 4(k)(2) analysis, this Court has determined that this case could have been brought in Utah. Accordingly, this Court hereby directs the Clerk of the Court to transfer this case to the United States District Court for the District of Utah. See 28 U.S.C. § 1406; SongByrd, Inc. v. Estate of Grossman, 206 F.3d 172, 179 n.9 (2d Cir. 2000) (noting that "lack of personal jurisdiction could be cured by transfer to a district in which personal jurisdiction could be exercised, with the transfer authority derived from either section 1406(a) or section 1404(a)").

SO ORDERED.

Dated: Brooklyn, New York
December 31, 2008

s/Hon. Carol B. Amon
Carol Bagley Amon
United States District Judge